UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROGER ARMANDO URBINA ZAPATA,

                Petitioner,

         v.

CHESTNUT et al.,

                Respondents.

No. 1:25-cv-01922-WBS-CKD

MEMORANDUM AND ORDER

----oo0oo----

Petitioner, a native and citizen of Nicaragua who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 15.)  The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court.  On May 4, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted.  (See Docket No. 21.) On May 6, 2026, respondents filed objections to the findings and recommendations.  (Docket No. 22.)

1

The court adopts the Magistrate Judge's factual findings.  However, for the following reasons, the court respectfully disagrees with the Magistrate Judge's recommendations and will accordingly decline to adopt them.

In reaching the conclusion that petitioner's re-detention without a bond hearing violated his rights under Due Process Clause, the Magistrate Judge applied the three-factor test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  (See Docket No. 21 at 3-8.)  However, for the following reasons, in the opinion of this court, binding Supreme Court precedent precludes the application of the Mathews test to cases like this one involving noncitizens detained pursuant to 8 U.S.C. § 1225(b).

Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1206 (9th Cir. 2022), cited by the Magistrate Judge, does not stand for the proposition that Mathews is applicable "to due process challenges to removal proceedings" generally.  (Docket No. 21 at 6.)  First, the petitioner in Rodriguez Diaz was unambiguously detained pursuant to 8 U.S.C. § 1226(a) for committing an offense enumerated therein, see 53 F. 4th at 1194, and the Ninth Circuit accordingly limited its analysis to that provision, see id. at 1202.  Second, the Ninth Circuit emphasized that it was assuming, but expressly not deciding, that the Mathews test applied.  See id. at 1206-07.

In Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953), the Supreme Court made it clear that, "[w]hatever the procedure authorized by Congress is, it is due

2

process as far as an alien denied entry is concerned." See also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).

In this case, the procedure prescribed by Congress is laid out clearly in 8 U.S.C. § 1225(b)(1)(B)(ii).  That statute provides that a noncitizen "shall be detained [pending] further consideration of [his] application for asylum." (emphasis added). Petitioner, who filed an application for asylum that is currently pending, falls squarely within 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention provision.  (See Docket No. 21 at 2.)  For that reason, notwithstanding how the Mathews factors might apply in this case, petitioner's continued detention is statutorily mandated pending consideration of his application.

IT IS THEREFORE ORDERED that petitioner's first amended petition for habeas corpus (Docket No. 15) be, and the same hereby is, DENIED.

The Clerk of Court is directed to close the case and terminate any pending motions.

IT IS SO ORDERED.

Dated:  May 22, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3